IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SOMARIA HACK,                         *

       Plaintiff,                *

       v.                        *       CIVIL NO.: WDQ-14-1985

SAI ROCKVILLE L, LLC, et al.,         *

       Defendants.               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

    Somaria Hack sued SAI Rockville L, LLC, doing business as Lexus of Rockville ("Lexus"), Toyota Motor North America, Inc. ("Toyota"), and Lexus Customer Convenience System, LLC ("LCCS") (collectively, the "Defendants") in the Circuit Court for Baltimore City, alleging product liability and breach of warranty. ECF No. 2. Toyota removed the suit to this Court. ECF No. 1. Hack amended her complaint to add a negligence claim against Lexus. ECF No. 12.[1] Pending are (1) Toyota's motions to dismiss the complaint and the amended complaint for failure to state a claim, and to strike Hack's reply, ECF Nos. 6, 19, 28,

---

[1] The amended complaint substituted Defendant "Lexus of Rockville" for Defendant "SAI Rockville L, LLC, doing business as Lexus of Rockville," and first names Toyota Motor Corporation, Toyota Motor Sales USA, Inc., Toyota Motor Engineering and Manufacturing North America, Inc., Toyota Technical Center USA, and Toyota Technical Center Japan as Defendants. ECF No. 12.

(2) Hack's motion for order to show cause, ECF No. 15,[2] and (3) Lexus's motion to dismiss for insufficiency of service, ECF No. 17.[3]  No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  For the following reasons, the Court will remand the suit to the Circuit Court because it lacks subject matter jurisdiction.

I.  Background[4]

Lexus[5] is a car dealership located in Rockville, Maryland, which sells, distributes, and markets Lexus brand Toyota Motor products.  ECF No. 2 ¶ 2.  Toyota is a Corporation organized

---

[2] Hack originally moved for more time to effect service of process in the Circuit Court for Baltimore City.  The motion was transferred to this Court's docket.  ECF No. 15.

[3] Lexus originally moved to dismiss the complaint in the Circuit Court for Baltimore City.  The motion was transferred to this Court's docket.  ECF No. 17.

[4] When, as here, a complaint is amended after removal, the propriety of removal is determined according to the original complaint.  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).  Accordingly, the facts are from the original complaint.  ECF No. 2.

[5] The complaint refers to Lexus as a Maryland Corporation with its principal place of business in Rockville, Maryland.  *Id.* ¶ 2.  However, Toyota's response to the Court's standing order concerning removal, and the amended complaint, refer to Lexus as a limited liability company.  *See* ECF Nos. 1, 4, 10, 12.  Lexus's sole member is SAI MD HC1, Inc., a Maryland Corporation.  ECF No. 31 ¶ 2.  Because a limited liability company is a citizen of the states of which its members are citizens, *see Gen. Tech. Applications, Inc. v. Exro Ltds*, 388 F.3d 114, 120 (4th Cir. 2004), Lexus is a Maryland citizen.

under California law. *Id.* ¶ 3.[6] Hack is a resident of Silver Spring, Maryland. *Id.* ¶ 1.

On October 11, 2010, Hack was a passenger in a Lexus RX 350 car lent to the driver by LCCS, and which was involved in an accident. *Id.* ¶¶ 8-10. The car was manufactured by Toyota, but sold and serviced by Lexus. *Id.* ¶ 8; *see also id.* ¶ 16. During the accident, Hack's seatbelt unbuckled, the doors opened, and Hack was ejected from the car. *Id.* ¶¶ 9, 18, 22.

As a result of the accident, Hack "suffered serious injuries to her left knee and other parts of her body," requiring surgery and physical therapy, "and is permanently partially disabled." *Id.* ¶ 19; *see also id.* ¶ 10. Hack is unable to live independently, and has "become dependent on assistance." *Id.* ¶ 11. The car "was in the same condition of manufacture when [Hack] was a passenger." *Id.* ¶¶ 17, 21.

Defendants made express and implied warranties "that the automobile and components were merchantable, fit for the intended purpose[,] and safe for normal use." *Id.* ¶ 25. Hack "relied upon the skill and judgment of the Defendants in

---

[6] Hack alleges that LCCS "is a subsidiary and/or affiliate of" Lexus and Toyota. ECF No. 2 ¶ 4. Hack does not allege where LCCS's principal place of business is located, or in which state it is organized. *See id.* According to Toyota, LCCS "is a program administered by Lexus," not a separate legal entity, and it cannot be sued or served with process. ECF No. 10 at 1. Because remand is required in light of the absence of diversity between Hack and Lexus, the legal status--and location of LCCS-- need not be determined.

selecting, designing, manufacturing, testing, marketing, and selling the [car] for its intended and ordinary purposes." *Id.* ¶ 26. The Defendants' breach of warranty resulted in Hack's injuries. *Id.* ¶ 27-28.

On October 11, 2013, Hack sued the Defendants in the Circuit Court for Baltimore City. ECF Nos. 1 ¶ 1; 2. On June 19, 2014, Toyota removed to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441(b). ECF No. 1.

II. Analysis

    A.   Legal Standard for Subject Matter Jurisdiction

The Court begins, "as [it] must in a diversity case, by examining the basis for jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised . . . sua sponte by the court."); *State v. Ivory*, 906 F.2d 999, 1000 (4th Cir. 1990) (*sua sponte* reversing district court's judgment on the merits for lack of subject matter jurisdiction, and remanding with instructions to remand to state court).[7] The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407

---

[7] *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

4

F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. Id.

B.   The Court's Subject Matter Jurisdiction

Toyota contends that this Court may disregard Lexus's Maryland citizenship, thereby exercising diversity jurisdiction, because Hack's service of process on Lexus "was improper under the Maryland Rules," and as Lexus was fraudulently joined. ECF No. 1 ¶¶ 7, 10.

1.   Service of Process

Under 28 U.S.C. § 1441(a)(2012), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." But, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332[8]] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Toyota contends

---

[8] Under 28 U.S.C. § 1332(a)(1)(2012), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

that improper service upon Lexus triggered removability under § 1441(b)(2).

"[A]ll statutory interpretation questions ... must begin with the plain language of the statute." *Negusie v. Holder*, 555 U.S. 511, 542 (2009).[9] In construing a statute, the Court "interpret[s] the words in their context and with a view to their place in the overall statutory scheme." *Tyler v. Cain*, 533 U.S. 656, 662 (2001) (internal quotation marks omitted). It is a "cardinal rule of statutory construction" that the Court must give effect to each word of the statute, not treating any as surplusage. *United States v. Pressley*, 359 F.3d 347, 350 (4th Cir. 2004); *Campbell v. Hampton Roads Bankshares, Inc.*, 925 F. Supp. 2d 800, 808 (E.D. Va. 2013).

Giving effect to the phrase "otherwise removable . . . under [28 U.S.C. § 1332]" in § 1441(b)(2), the removal statute presupposes diverse parties that, in the Fourth Circuit, must be determined from the face of the complaint. *See Hunter Douglas Inc. v. Sheet Metal Workers Int'l Ass'n, Local 159*, 714 F.2d 342, 345 (4th Cir. 1983) (diversity jurisdiction is determined by the complaint, not by which defendants have been served). Section 1441(b)(2) then annuls the Court's diversity

---

[9] *See also Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001)("[U]nless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language.").

jurisdiction when one of the "properly joined and served" diverse parties is a citizen of the forum state; in this case, Maryland.  *See* 28 U.S.C. § 1441(b)(2).

Here, the complaint shows that Hack and Lexus are not diverse parties; both are Maryland citizens.  *See* ECF No. 2 ¶¶ 1, 2; *see also* ECF No. 31 ¶ 2.  Because the Court did not have original diversity jurisdiction, this suit was not "otherwise removable."  Accordingly, improper service on Lexus failed to establish diversity jurisdiction by bringing this suit within § 1441(b)(2).  *See Clarke v. Dunn*, No. CIV.A. DKC 13-2330, 2014 WL 4388344, at *1 (D. Md. Sept. 4, 2014)("[Section] 1441(b)(2) is widely regarded as procedural, rather than jurisdictional.") (internal quotation marks and citation omitted); *Justice v. Branch Banking & Trust Co.*, No. CIV.A. 2:08-230, 2009 WL 853993, at *5 (S.D.W. Va. Mar. 24, 2009) ("Assuming [§ 1441(b)] is procedural, it could in no way create jurisdiction.").[10]

---

[10] *Cf. Am. Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 315-16 (1915) (To remove to federal court, the resident defendant must be dismissed from the case, "so as to leave a controversy wholly between the plaintiff and the nonresident defendant."); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2009) ("A party whose presence in the action would destroy diversity must be dropped formally as a matter of record to permit removal to federal court. It is insufficient, for example, that service of process simply has not been made on a nondiverse party; the case may not be removed until that party has been dismissed from the case.").

That § 1441(b)(2) *bars removal* to this Court when a diverse Maryland defendant is joined and served does not necessarily mean, as Toyota asserts, that § 1441(b)(2) *permits removal* when a Maryland defendant is improperly served. In *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38, 541 (1939), the U.S. Supreme Court held that lack of service "does not justify removal by the non-resident defendant" in a non-separable controversy involving a resident defendant. Nine years later, Congress enacted § 1441(b)(2) as part of the 1948 Judicial Code. *See* Ch. 646, 62 Stat. 937 (June 25, 1948); *Workman v. Nat'l Supaflu Sys., Inc.*, 676 F. Supp. 690, 692 & n.4 (D.S.C. 1987). Lower courts, including the District of Maryland, are split on *Pullman*'s vitality in the wake of § 1441(b)(2)'s enactment. *Compare Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 524-26 (D. Md. 2002) (following *Pullman* because "removability cannot rationally turn on the timing or sequence of service of process"), *and Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006) (permitting removal under § 1441(b) when a resident defendant had not been served). *See Campbell*, 925 F. Supp. 2d at 807 & n.13-14 (collecting cases).

In *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981), the Eighth Circuit joined the Ninth Circuit[11] in holding that section 1441(b) did not supersede *Pullman*'s requirement "that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." The Court reasoned that *Pullman* is embodied in 28 U.S.C. § 1441(a), which provides for removal in cases over which federal courts have original jurisdiction, and 28 U.S.C. § 1332, which provides for federal diversity jurisdiction. *Pecherski*, 636 F.2d at 1160. Section 1441(b) further limited diversity jurisdiction; it did not "expand[] removal jurisdiction to permit removal . . . if a resident defendant whose presence would defeat diversity had not been served." *See id.* Because the statute's plain language, discussed above, compels the same conclusion, this Court agrees.

Toyota's interpretation of § 1441(b)(2) would render *Pullman* null and void. Notwithstanding lower courts' divergence from *Pullman*, it remains good law. *See e.g., Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 986 (2014) (*citing Pullman* for the proposition that removability depends upon the pleadings at the

---

[11] *See Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 78 (9th Cir. 1979); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969).

time of removal); *Hunter Douglas Inc.*, 714 F.2d at 345. Accordingly, the Court declines to adopt Toyota's view.

Therefore, unless Lexus was fraudulently joined, complete diversity was lacking, and this Court does not have jurisdiction. *See Workman*, 676 F. Supp. at 694; *Justice*, No. CIV.A. 2:08-230, 2009 WL 853993, at *5.

2. Fraudulent Joinder

The doctrine of fraudulent joinder[12] allows a federal court to "disregard, for jurisdiction purposes, the citizenship of certain [in-state] defendants, assume jurisdiction over a case, dismiss th[ose] defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).[13] As the party asserting fraudulent joinder, Toyota has

---

[12] "Fraudulent joinder" is a legal term of art. *AIDS Counseling & Testing Ctr's v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). "[I]t does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists." *Id.* (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)).

[13] *See also Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745 (2014)("We have held, for example, that a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant.") (citing *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186, (1907)); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (applying the fraudulent joinder rule to party asserting that an in-state defendant had been fraudulently joined), *quoted in Mayes*, 198 F.3d at 464.

the burden to "demonstrate either outright fraud in the plaintiff's pleading or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, . . . even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted). The Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks omitted).

That a complaint would not survive a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not mean that that defendant has been fraudulently joined: the standard is more favorable than the 12(b)(6) standard. *Id.* at 424. If there is any possibility of recovery, the defendant has not been fraudulently joined. *Id.* The Court may "consider the entire record," not only the complaint, to "determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctr's*, 903 F.2d at 1004. But, it may not act as a factfinder or "delve too far into the merits in deciding a jurisdictional question." *Hartley*, 187 F.3d at 425.

Toyota asserts that Lexus was fraudulently joined because the Graves Amendment, 49 U.S.C. § 30106 (2012), absolves Lexus's

liability. ECF No. 1 ¶ 9(a)-(f). The Graves Amendment provides that:

> [a]n owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). An "owner" is a person who is:

> (A) a record or beneficial owner, holder of title, lessor, or lessee of a motor vehicle;
> (B) entitled to the use and possession of a motor vehicle subject to a security interest in another person; or
> (C) a lessor, lessee, or a bailee of a motor vehicle, in the trade or business of renting or leasing motor vehicles, having the use or possession thereof, under a lease, bailment, or otherwise.

*Id.* § 30106(d)(2).

According to Toyota, because Hack has alleged that Lexus was a lessor (and, thus, an owner) of Lexus brand cars, but has not alleged that Lexus was negligent, the Graves Amendment bars recovery. *See* ECF Nos. 1 ¶ 9(e)-(f); 2 ¶ 2. To support its argument, Toyota cites a prior decision of this Court, which found that the Graves Amendment barred recovery against The Hertz Corporation, Hertz Vehicles, LLC, and Hertz Claim Management Corporation (collectively, "Hertz"). *See* ECF No. 1

¶ 9(f); *Kersey v. Hirano et al.*, No. CIV. WDQ-08-1041, 2009 WL 2151845, at *1-2 (D. Md. July 15, 2009). In *Kersey*, however, the plaintiffs only alleged that Hertz was vicariously liable for the driver's negligence. *Kersey*, No. CIV. WDQ-08-1041, 2009 WL 2151845, at *2. It is well settled that the Graves Amendment "bar[s] recovery against car rental and leasing companies based on vicarious liability." *Green v. Toyota Motor CreditCorp*, 605 F. Supp. 2d 430, 434 (E.D.N.Y. 2009).[14]

However, at least one court has deemed the Graves Amendment inapplicable to claims of direct liability, including negligent repair, and negligent failure to warn. *See Hagen v. U-Haul Co. of Tennessee*, 613 F. Supp. 2d 986, 1000 (W.D. Tenn. 2009). Here, Hack alleges that Lexus breached express and implied warranties. ECF No. 2 ¶ 24-28. Under Maryland law, "a breach

---

[14] *See also Carton v. Gen. Motors Acceptance Corp.*, 639 F. Supp. 2d 982, 990 (N.D. Iowa 2009) *aff'd sub nom. Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451 (8th Cir. 2010)("[T]he Graves Amendment prohibits vicarious liability claims against owners of leased vehicles . . . ."); *Jasman v. DTG Operations, Inc.*, 533 F. Supp. 2d 753, 757-58 (W.D. Mich. 2008)("Courts have consistently held that the Graves Amendment prohibits states from imposing vicarious liability on owner-lessors such as defendants where the lessor is not negligent."); *Noll v. Avis Budget Grp. LLC*, No. 07 CV 1908 (RML), 2008 WL 4282985, at *2 (E.D.N.Y. Sept. 17, 2008)(granting summary judgment for car rental company Avis when plaintiff sued Avis "only because it is the owner and lessee of the vehicle"). *Cf. Hall v. Nealy*, No. 5:10CV122, 2011 WL 240457, at *3 (N.D.W. Va. Jan. 24, 2011) (finding the Graves Amendment insufficient to raise a question of federal law, thus conferring federal question jurisdiction, when the plaintiffs' complaint only alleges direct negligence claims).

of warranty suit is a contract action." *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 653 n.22 (Md. 1992). Hack does not appear to hold Lexus vicariously liable for another entity's breach; rather, Hack alleges that Lexus breached certain warranties. ECF No. 2 ¶ 25. Hack also alleges that Lexus is liable for the defective warning. *Id.* ¶ 20-23. Although the count is captioned "product liability--defect in warning," Maryland recognizes negligent failure to warn claims. *See Desrosiers v. MAG Indus. Automation Sys., LLC*, No. CIV. WDQ-07-2253, 2010 WL 4116991, at *7 (D. Md. Oct. 19, 2010).[15] Because Hack has alleged theories of direct liability against Lexus, there is, at the very least, a "glimmer of hope" for relief. *See Mayes*, 198 F.3d at 466. Thus, the fraudulent joinder doctrine does not apply, and removal was improper.[16]

---

[15] Although it is not clear whether Hack is alleging strict failure to warn, or negligent failure to warn, the standard to be applied in failure to warn cases sounding in strict liability and negligence is the same. *See Kennedy v. Mobay Corp.*, 579 A.2d 1191, 1198 (Md. 1990). Thus, it is possible that Hack may hold Lexus directly liable for its failure to warn, further removing this suit from the protections afforded by the Graves Amendment. *See Hagen*, 613 F. Supp. 2d at 1000. In so finding, the Court is not bound to consider whether Hack's allegations about the defective warning would survive a motion to dismiss. *See Hartley*, 187 F.3d at 424. Provided recovery is possible (not, probable), application of the fraudulent joinder doctrine is inappropriate. *Id.*

[16] The Court's conclusion does not prevent Lexus from raising the Graves Amendment as a defense in state court. At this stage, however, this Court is bound to resolve any doubts about removal in favor of remand. *Mayes*, 198 F.3d at 466.

III. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction, and will remand the suit to the Circuit Court for Baltimore City.

_2/24/15_
Date

_[signature]_
William D. Quarles, Jr.
United States District Judge